172        SUPREME COURT       [Nov. Term,

[The State ex rel. Fitts, Attorney General, v. Elliott.]

# The State *ex rel.* Fitts, Attorney-General, v. Elliott.

## *Quo Warranto Proceedings.*

1. *Quo warranto; only statutory proceedings obtain in this state.*—The statutory provisions in relation thereto, as contained in the Code (Code of 1886, §§ 3167-3183; Code of 1896, §§ 3417-3439), constitute the only system of laws now obtaining in this State touching the remedy of *quo warranto,* or information in the nature of *quo warranto*; and a *quo warranto* proceedings not instituted under such statute, and which does not meet the statutory requirements as to parties and procedure, can not be maintained.

APPEAL from the City Court of Gadsden.

Heard before the Hon. JOHN H. DISQUE.

This is a *quo warranto* proceeding, at the suit of the State on the relation of the Attorney-General against the appellee, James M. Elliott, Jr., having for its purpose the ousting of said Elliott from the office of Mayor of the city of Gadsden. The information is based on the allegation that at the time of his election to the office of Mayor of the city of Gadsden, the said James M. Elliott, Jr., did not reside in the city of Gadsden, and did not so reside at the time of filing the information. The respondent demurred to the petition, assigning several grounds of demurrer which raise two propositions. The first, that the statute is an abolition of the writ of *quo warranto,* except under the provisions of Chap. 14, Title 2, Part 3 of the Code of 1886; and second, that the petition shows on its face that the contest of election of said Mayor could have been maintained on the grounds set forth in said petition, and that said method was exclusive of the relator's right to contest by *quo warranto.* This demurrer was sustained, and the relator declining to plead further, judgment was rendered dismissing the petition. From this judgment the relator appeals, and assigns the rendition thereof as error.

WILLIAM C. FITTS, Attorney-General, and DENSON & TANNER, for appellant.—Chapter 14, Title 2, Part 3 of

[The State *ex rel.* Fitts, Attorney General, v. Elliott.]

the Code of 1886, creates a purely statutory jurisdiction limited in its authority to the purposes of the statute, and must be strictly construed and pursued.—*State v. M. & G. R. R. Co.*, 108 Ala. 29. The proceedings in this case are not instituted under said chapter. The writ is issued under the authority to issue such writs as is conferred on judges. Section 3177 of the Code of 1886, of its own terms, excepts the provisions of such chapter from any effect or force as to proceedings under consideration. The rights or acts of individuals can not bar or shut out the State from the exercise of her prerogative right to inquire of all officers under her jurisdiction by what authority they hold their offices.—*Montgomery v. State*, 107 Ala. 384; *Vogel v. State*, 107 Ind. 374; *People v. Holden*, 28 Cal. 124; High on Extra. Rem., (3 ed.), § 624; *Snowball v. People*, 147 Ill. 260.

DORTCH & MARTIN and BURNETT & CULLI, *contra.*— Under our statutory system, the Governor has no right to order, nor the Attorney-General to use the name of the State in this case. The whole common law system is changed by statute.—*Parks v. State ex rel Owens*, 100 Ala. 648; *Davidson v. State*, 63 Ala. 432; *Moulton v. Reid*, 54 Ala. 327; High on Extra. Legal Remedies, § 617; *State v. Wilson*, 30 Kan. 675; *State v. Marlow*, 15 Ohio St. 134; *Commonwealth v. Garrigues*, 28 Pa. St. 9; *Commonwealth v. Leech*, 44 Pa. St. 334.

HEAD, J.—We have no doubt that Chap. 14, Title 2, Part 3 of the Code of 1886, constitutes the only system of laws now obtaining in this State touching the remedy of *quo warranto*, or information in the nature of *quo warranto*. That system was manifestly intended to be, and is, a complete one, covering the whole subject, taking the place of the common law remedy. We perceive nothing in our constitution limiting the power of the law-making department of the government to make this substitution of systems. Indeed, the statutory system preserves, substantially, the principles of the common law remedy, only regulating, as was within perfect legislative. competency, by whom, in whose names and behalf, and by what procedure public and private rights, which the common law information was adequate to redress, should be set on foot and adjudicated. The stat-

utory system gives ample protection to the public, and to private claimants of public offices, and its requirements must be observed when the redress which *quo warranto* gives is desired to be invoked.

It is not claimed by the relator, nor is this proceeding instituted under the statute. It does not meet the statute requirements as to parties and procedure.

The ruling of the city court was correct, and its judgment is affirmed.

Affirmed.