[State *ex rel.* Johnson *et al.* v. Mayor & City Council of Ensley.]

# State *ex rel.* Johnson *et al. v.* Mayor & City Council of Ensley.

*Proceedings in the Nature of Quo Warranto.*

1  *Quo warranto; does not lie to prevent threatened exercise of a franchise unlawfully.*—The statutory proceeding in the nature of *quo warranto*, as provided by chapter 94 of the Code of 1896, (p.966) does not lie to prevent the threatened usurpation of an office, or the treatened exercise of a franchise unlawfully.

APPEAL from the City Court of Birmingham.

Heard before the Hon. CHARLES W. FERGUSON.

The proceedings in this case were instituted by the filing of an information of *quo warranto* by the State on the relation of M. M. Johnson and others, residents of the city of Ensley. It was averred in the petition that by an Act of Sept. 30th, 1903, (Local Acts 1903, p. 692), the corporate limits of the city of Ensley were extended so as to include the relators as citizens of said city. That embraced within this territory your relators and petitioners reside, some of them are engaged in the business of merchandising, and the others in various legitimate pursuits, commensurate with their means, abilities and tastes; that since the 1st day of January, 1904, and continually up to the time of the filing of this petition, the said city of Ensley, through F. G. Fonville, its city tax collector and treasurer, acting under the ordinances of said city, and through the instructions of its mayor and city council, has approached your relators and petitioners for the purpose of collecting a license or privilege tax for the year 1904, which said license or privilege tax had been levied for the current year 1904 upon the various businesses, callings and vocations carried on in said city of Ensley, by the inhabitants thereof, and in some of which your relators and petitioners were and are now engaged; but in the territory herein referred to by the last mentioned amendment to said charter;

[State *ex rel.* Johnson *et al.* v. Mayor & City Council of Ensley.]

that said city of Ensley, through its treasurer and tax collector, and various policemen in its employ, who assume to act under and by authority of said ordinances of the city of Ensley, and who, within the corporate limits of Ensley, have the authority they assume to exercise over your relators and petitioners, have on divers times and occasions, since the 1st day of January, 1904, and up to the time of the filing of this petition, threatened your relators and petitioners with arrest, for the nonpayment of the license and privilege tax alleged to have been imposed upon your relators by the said city of Ensley, through its mayor and city council, that demand has been made upon your relators and petitioners for the license and privilege tax alleged to have been so imposed, a copy of which ordinance, imposing tax alleged to have been so imposed, a copy of which ordinance, imposing the same is hereto attached marked "Exhibit C" and in so far as it is material hereto, is made part hereof, with leave to refer thereto as often as may be necessary; your relators and petitioners further show, allege and charge that all the aforesaid acts of the said city of Ensley, F. G. Fonville, as tax collector, and treasurer, and all the threats of the policemen of said city of Ensley, in reference to the things herein complained of, and the orders of the executive of said city of Ensley to enforce and compel payment of said license tax and privilege tax, in the territory referred to, are unlawful and without authority of law; that all said acts, doings, threats and intimidations, of your relators and petitioners and others, for the relief of whom this petition is, also, filed, by the persons, and each and all of them aforesaid, are mere usurpations, contrary to law and without authority; in direct violation of the rights, privileges and liberties of the public, the citizens of this State, and particularly those of your relators and petitioners; your relators and petitioners further show that unless this court intervenes by the proper order, the arrests, the threats, the intimidations and hardships incident and consequent thereto will be inflicted upon them."

It was then averred in the petition that this Act, approved Sept. 30th, 1903, was unconstitutional and void for many reasons assigned in the petition. Upon the peti-

tion the relators prayed that the mayor and city council of Ensley be required to show by what law, warrant or authority they were proceeding to exercise the rights, privileges and franchises referred to in the petition; and further, that they show why a judgment should not be entered declaring that they were unlawfully exercising the franchises, and should therefore be perpetually enjoined from doing the threatened acts. The respondent moved to dismiss the petition upon the ground that the facts averred therein do not entitle the relators to the judgment prayed. Upon the submission of the cause upon this motion the court rendered a decree sustaining the same, and ordered the petition dismissed. From this decree the relators appeal and assign the rendition thereof as error.

W. J. MARTIN, for appellants.—The attempt of municipal corporations to exercise their franchises outside of their municipal boundary may be inquired into by information in the nature of quo warranto, or by injunction, and the remedies are cumulative.—Dillon on Municipal Corp., § 908; *East Dallas v. State,* 73 Tex., 370. Quo warranto to test the right of a legal municipality to exercise jurisdiction over certain territory, as in case of the attempted extension of the corporate limits, may be brought direct against the municipality.—23 A. & E. Ency. of L., (2d. ed.) 622; *The People v. Oakland,* 92 Cal. 611; *City of East Dallas v. State,* 73 Tex. 370; *The People v. Peoria,* 166 Ill. 370.

ROMAINE BOYD, *contra.*—"Quo warranto will not lie unless there is an actual wrongful possession and user by the respondent of the office or franchise in question. A mere claim of right is not enough."—Amer. & Eng. Enc. Law Vol. 23 p. 601 & cases cited. "Statutory quo warranto cannot be employed to test the legality of the official action of public officers."—High on Extraordinary Remedies §§——; *Leigh v. State,* 69 Ala. 266.

DOWDELL, J.—The proceeding by quo warranto, or on information in the nature of *quo warranto*, is regulated and provided for, in this state by our statutes.

[State *ex rel.* Johnson *et al.* v. Mayor & City Council of Ensley.]

Chapter 94, page 966 of the Code of 1896, provides a sys-tem as to procedure and remedy, which supersedes and takes the place of the common law remedy.—*State ex rel Attorney-General v. Elliot,* 117 Ala. 172. The proceeding in this case must, therefore, be considered as instituted under the statute.

Municipal corporations are expressly excepted from the provisions of § 3417, Chap. 91 of the Code. The ques-tion then is, can the present proceeding be maintained under subdivision 1 of § 3420. Said section authorizes an action in the name of the state against any party of-fending in the cases mentioned in the three subdivisions thereunder. Subdivision 1 reads as follows: "When any person usurps, intrudes into, or unlawfully holds or ex-ercises any public office, civil or military, or any fran-chise within this state, or any office in a corporation created by the authority of this state."

It is to be observed, that by the language employed, that, it is the actual usurpation, intrusion into, or un-lawful holding or exercise of any public office or any franchise within the state, etc., that the statute is leveled against, and not a mere claim of office or threatened usurpation, or threatened exercise of a franchise unlaw-fully. Waiving consideration of the question as to whether a municipal corporation as such, may be pro-ceeded against under said section, we will consider the averments of the information as to their sufficiency under the statute.

The incorporation of the city of Ensley, is admitted in the information filed by the relators; it is likewise shown by the averments thereof, that among the franchises or powers granted under the charter, is the power to levy taxes, and enact licenses or privilege tax. There is no pretense of any usurpation of or intrusion into office, or any unlawful holding of office, nor is it averred that there has been any unlawful exercise of any franchise. The most that can be said of the averments in the informa-tion, is, that an unlawful exercise is threatened of the franchise granted under the charter. And this charge is based upon the theory, that the amendatory act of the charter, of September 30th, 1903, extending the corporate limits of the municipality is unconstitutional and void.

The relators are residents of the territory claimed to be brought within the corporate limits of the municipality by said amendatory act. If it be conceded that the said act is void, this would not help the relator's case, since the information only charges a *threatened* abuse of a franchise or grant under the charter, that may never be attempted to be carried out.

Our conclusion is, that the averments of the information are wholly insufficient under the statute to authorize the writ of *quo warranto*, and the court committed no reversible error in dismissing the information.

Affirmed.

McCLELLAN, C. J., HARALSON and DENSON, J.J., concurring.